IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAGDALENO BACA,

        Applicant,

v.                                            CV 07-0265 RB/WPL

RICK LOONEY, WARDEN,
AND THE ATTORNEY GENERAL
OF NEW MEXICO,

        Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Magdaleno Baca filed a petition for writ of habeas corpus, contending that he was not timely transferred to Wisconsin after signing a waiver of extradition in New Mexico. For the reasons explained below, I recommend that the petition be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Baca filed his petition on March 19, 2007, against Rick Looney, the warden of the Torrance County Detention Facility, and the Attorney General of New Mexico. (Doc. 1.)[1] He claimed that his "legal rights have been violated, by not be given [sic] any information on [his] transfer or [his] release of extradition." (*Id.*) The petition stated that on January 13, 2007, Baca was arrested and placed in the Otero County Detention Facility and that on January 24, 2007, he signed a waiver of

---

[1] Baca used this Court's form for habeas petitions filed under 28 U.S.C. § 2254, which applies to petitioners who are in custody pursuant to a state court judgment. Because Baca is challenging his pretrial detention, the applicable statute is 28 U.S.C. § 2241. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001); *see also Gould v. Colorado*, 45 F. App'x 835, 836 n.1 (10th Cir. 2002). Since Baca is proceeding pro se, I will overlook his invocation of 28 U.S.C. § 2254 and consider his petition under the proper statute. *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court.").

extradition, allowing the State of Wisconsin to take him into custody by February 7, 2007. On February 6, 2007, federal marshals took him to Torrance County Detention Facility even though no federal charges were pending against him. Baca asserted, "Under the extradition law if detained, the extraditing state has 30 days to pick-up, if released the extraditing state has 60 days to pick-up, this is what I understood in the legal documents I read." He also stated, "In the new jurisdiction, I have not been given a new public defender, or court date to find out information on my extradition." (*Id.*)

In their answer, Respondents asserted that this proceeding is moot because Baca was transferred to Wisconsin pursuant to the waiver of extradition and is currently confined in the Door County Detention Center in Sturgeon Bay, Wisconsin. (Doc. 5 at 1-2.) They provided copies of a fugitive complaint filed January 16, 2007, and the waiver of extradition that was signed by Baca, his attorney, and a magistrate. (*Id.* Ex. A, B.) They also submitted a copy of a fax, purporting to be from a records clerk at the Torrance County Detention Facility and stating that Baca was released to the United States Marshals Service on April 6, 2007. (*Id.* Ex. C.)

Baca's petition did not expressly state what relief he is seeking, but it appeared that his only complaints were the failure to transfer him to Wisconsin and to give him sufficient information regarding his extradition. Because Baca was transferred to Wisconsin after the petition was filed, I ordered him to show cause in writing why the petition should not be dismissed as moot. (Doc. 6.)

In response, Baca sent a letter from the Door County Detention Center, reiterating his belief that "the States time ran out" and stating, "I feel I should be released without prejudice or paid for every day I was held illegaly [sic]." (Doc. 8.) Baca also notes that he does not have access to "law

2

books" or the money to hire a lawyer. (*Id.*)[2]

## DISCUSSION

A fugitive who is in the custody of an asylum state may challenge his detention by seeking a federal writ of habeas corpus. *Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990). Generally, only four issues may be raised in such a habeas proceeding: 1) whether the extradition documents are in order; 2) whether the petitioner is charged with a crime; 3) whether the petitioner is the person named in the extradition request; and 4) whether the petitioner is a fugitive from justice. *Id.* at 416-17.

The Supreme Court has long held that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a forcible abduction." *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) (internal quotation marks omitted). Accordingly, once a fugitive has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement on grounds that arose in the asylum state. *Gee*, 912 F.2d at 416; *see also Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003); *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980).[3] It is undisputed that Baca was sent to Wisconsin after he filed his habeas petition. Under *Frisbie*, any irregularities in the procedures followed in New Mexico cannot provide a basis for his release. *See Remeta v. Singletary*, 85 F.3d 513, 518-19 (11th Cir. 1996);

---

[2] Considering the nature and merits of Baca's claims, the interests of justice do not require the appointment of counsel to represent him. *See* 18 U.S.C. § 3006A(a)(2)(B); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[3] At that point, a suit pursuant to 42 U.S.C. § 1983 is the only way to redress the failure to follow extradition procedures. *See, e.g., Harden*, 320 F.3d at 1299; *Ortega v. City of Kansas City*, 875 F.2d 1497, 1500 (10th Cir. 1989); *see also Crumley v. Snead*, 620 F.2d 481, 483-84 (5th Cir. 1980) (upholding § 1983 claim for extraditing prisoner while his habeas petition was pending). Although Baca stated in response to the show cause order that he believes he should be paid for the time he was held in New Mexico, I do not interpret his petition as being a § 1983 suit. Dismissal of the petition does not foreclose Baca's filing of such a suit.

*Eckert v. Tansy*, 936 F.2d 444, 450 (9th Cir. 1991); *Shack v. Attorney General*, 776 F.2d 1170, 1172 (3d Cir. 1985).

Moreover, Baca's complaints seem to be based on time limits set out in the extradition statutes. *See, e.g.,* 18 U.S.C. § 3182; NMRA Rule 5-821, 5-825. Because he signed a waiver of extradition, these time limits did not apply to him. *See Scull v. New Mexico*, 236 F.3d 588, 595-96 (10th Cir. 2000) ("[B]ecause Mr. Reed had previously signed a waiver of extradition as a condition of parole, he had neither a constitutional nor a statutory right to specific extradition procedures."); *see also* NMRA Rule 5-821(F) ("If the defendant does not waive extradition . . ., the defendant may be held in custody for a period of not more than thirty (30) days pending receipt of a rendition warrant from the governor. On motion, the court may extend the commitment or conditions of release pending issuance of a governor's rendition warrant for a period of not more than sixty (60) additional days.").

## RECOMMENDATION

For the reasons stated above, I recommend that Baca's petition for writ of habeas corpus be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE